**NOT FOR PUBLICATION**

<pre>
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
                         NEWARK VICINAGE


_____
                                    :
UNITED STATES OF AMERICA            :
                                    :   Crim. Action No. 10cr722 (SRC)
                                    :
            v.                      :        **OPINION**
                                    :
                                    :
STEVIE BUCKUSE                      :
                                    :
                 Defendant          :
_____ :
</pre>

**CHESLER**, District Judge

This matter comes before the Court on Defendant Stevie Buckuse's ("Buckuse") motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), United States Sentencing Guidelines ("U.S.S.G.") Amendment 750, and the Fair Sentencing Act ("FSA"). (ECF No. 120.) The Government filed a response in opposition to Buckuse's motion (ECF No. 122.) For the reasons discussed below, the Court will deny Buckuse's motion.

**I.   BACKGROUND**

A federal grand jury returned a Second Superseding Indictment against Buckuse on January 31, 2011, charging the following: (Count One) conspiring to distribute and possess with intent to distribute 50 grams or more of cocaine base, in

1

violation of 21 U.S.C. §§ 841(a) & (b)(1)(A), 846; (Count Two) distributing 5 grams or more of "crack" cocaine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B); and (Count Four) distributing 50 grams or more of "crack" cocaine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A). (ECF No. 64.) The crimes charged occurred between June 4, 2009 and August 13, 2009. (Id.)

On June 2, 2011, pursuant to 21 U.S.C. § 851(a), the Government filed an Enhanced Penalty Information against Buckuse, for the purpose of seeking enhanced statutory penalties against him based on his prior felony conviction in New Jersey Superior Court in June 1994, for distributing a controlled dangerous substance. (ECF No. 90.) On June 9, 2011, a jury convicted Buckuse on Counts One, Two and Four of the Second Superseding Indictment. (ECF No. 93.)

Buckuse was sentenced by this Court on September 20, 2011. (ECF Nos. 102, 119.) At sentencing, this Court adopted the findings made by the U.S. Probation Office ("USPO") in the Presentence Investigation Report ("PSR"). (ECF No. 119.) The sentence took into account the changes made to 21 U.S.C. § 841 by the FSA. (ECF No. 119 at 3.) Buckuse was subject to a mandatory minimum of ten years imprisonment by statute. (Id. at 4.) Based on the enhanced penalties under 21 U.S.C. § 851(a), this Court sentenced Buckuse to a term of ten years

imprisonment, concurrently, on Counts One, Two and Four. (Id. at 6-7.)

Buckuse appealed his conviction to the Third Circuit Court of Appeals, alleging the district court erred in finding Buckuse waived his Miranda rights, and erred in denying his motion for a mistrial. United States v. Buckuse, 495 F. App'x 246, 246-47 (3d Cir. 2012). The Third Circuit affirmed the conviction on September 6, 2012, and the United States Supreme Court denied certiorari on January 7, 2013. Buckuse, 133 S. Ct. 903 (Jan. 7, 2013).

On May 22, 2014, Buckuse filed a motion under 28 U.S.C. § 2255, asserting that the court infringed on his Sixth Amendment right by imposing a mandatory minimum sentence of ten years, in contradiction of Alleyne v. United States, 133 S. Ct. 2151 (2013). Buckuse v. United States, 14-cv-296 (SRC) (D.N.J.) (ECF No. 3.) This Court denied the motion on June 10, 2014. (ECF No. 5.)

Buckuse filed the instant motion on September 16, 2015, (ECF No. 120), asserting that the court "imposed the 120 months upon me within the meaning of the 1986 Drug Act, which treated crack cocaine more seriously than powder cocaine. (Id. at 2-3.) Buckuse contends, under the Fair Sentencing Act of 2010, the ten-year mandatory minimum applied to crimes involving at least 280 grams of crack, and his crime involved only 50 grams. (Id.

3

at 3.) Buckuse was sentenced on September 20, 2011, after the FSA became law. (Id. at 4.)

Buckuse further contends that this Court can consider his post-sentencing participation in educational development in resentencing him. (Id. at 6.) Finally, Buckuse argued 18 U.S.C. §3582(c)(2) permits a district court to "modify a defendant's sentence if (1) the defendant's initial sentence was based on a sentencing range that has subsequently been lowered by the sentencing commission; and (2) the reduction is consistent with the policy statements issued by the commission." (Id.)

II. DISCUSSION

    A.    The Fair Sentencing Act of 2010

A claim under the Fair Sentencing Act cannot be brought in a motion under 18 U.S.C. § 3582(c)(2); it should be brought under 28 U.S.C. § 2255. See Dillon v. United States, 560 U.S. 817, 827 (2010). (18 U.S.C. § 3582(c)(2) permits only a limited adjustment to a final sentence based on the amended guidelines range under U.S.S.G. § 1B1.10(b). Although this Court could construe the instant motion as one brought under 28 U.S.C. § 2255, the Court declines to do so because Buckuse is not entitled to relief on his Fair Sentencing Act claim.

Buckuse was sentenced under the Fair Sentencing Act of 2010. (ECF No. 119 at 3.) The mandatory ten-year term of imprisonment was not imposed under the provisions of the pre-FSA

4

Drug Act, sentence was imposed under the enhanced penalty provision of 21 U.S.C. § 851(a). (ECF No. 119 at 6-7.) 21 U.S.C. § 851(a)(1) provides in relevant part:

> (a) Information filed by United States Attorney
>
>> (1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

The Enhanced Penalty Information requested enhanced penalties on Counts One, Two and Four of the Superseding Indictment based on Buckuse's June 8, 1994 New Jersey Superior Court conviction for violation of N.J.S.A. §2C: 35-5, a felony drug offense. (ECF No. 90.) The Court invoked § 851 in sentencing Buckuse to a statutory minimum of ten years imprisonment. (ECF No. 119 at 6-7.) Therefore, Buckuse's Fair Sentencing Act claim will be denied.

    B.   <u>18 U.S.C. § 3582(c)(2)</u>

The Sentencing Guidelines for drug-trafficking offenses "establish a defendant's base offense level according to the type and weight of the drug." <u>Dillon</u>, 560 U.S. at 821. In 1987, the Sentencing Commission "treated every gram of crack cocaine as the equivalent of 100 grams of powder cocaine." <u>Id.</u> (quoting

Kimbrough v. United States, 552 U.S. 85, 96 (2007)). In 2007, the Sentencing Commission amended the Guidelines by reducing the base offense level associated with each quantity of crack cocaine by two levels; and in 2008, the amendment was made retroactive. Id. (citing U.S.S.G. Supp.App. C, Amd. 706 and Amd. 713).

In 2010, the Sentencing Commission promulgated Amendment 750 to the Sentencing Guidelines, effective November 1, 2011, which "reduced the base offense levels for crack cocaine by increasing the weight of drugs associated with each offense level." United States v. Ware, 694 F.3d 527, 530 (3d Cir. 2012) (citing U.S.S.G., App. C., Amd. 750.) Amendment 750 was made retroactive. Id. (citing U.S.S.G. § 1B1.10 cmt. 1(A)).

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." Dillon, at 821. The district courts are limited to substituting "the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'" Id. (quoting U.S.S.G. § 1B1.10(b)(1).)

Here, Defendant argued that he was incorrectly sentenced under a *statutory* mandatory penalty that was amended in 2010. The amendments to the U.S. Sentencing Guidelines did not affect the statutory penalty. See U.S.S.G. § 5G1.1(b) ("Where a

6

statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). Therefore, § 3582(c)(2) does not provide an avenue of relief for Buckuse, who was sentenced under a statutorily required minimum sentence based on the enhanced penalty under 21 U.S.C. § 851(a).

Furthermore, a defendant may not assert any sentencing claim, other than application of a retroactive guideline amendment, in a § 3582(c)(2) motion. See United States v. McBride, 283 F.3d 612, 615-16 (3d Cir. 2002) (Apprendi claim was outside scope of sentence modification for retroactive Guidelines amendment); United States v. Faulks, 201 F.3d 208, 210 (3d Cir. 2000) (distinguishing between a de novo resentencing and reduction of sentence under § 3582(c)(2)). Therefore, the Court also denies Buckuse's request for reduction of his sentence based on his participation in educational programs.

III. CONCLUSION

For the reasons discussed above, in the accompanying Order filed herewith, the Court will deny Petitioner's Rule 60(b) motion for reconsideration.

Dated: December 22, 2015

7

STANLEY R. CHESLER
United States District Judge